EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Attorneys for Defendants
Rheem Manufacturing Company and
Rheem Manufacturing Company Medical Plan
Paul A. Friedman (PF 6559)

**UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GALINA WOODLAND<br><br>Plaintiff,<br><br>-vs-<br><br>RHEEM MANUFACTURING COMPANY LONG TERM DISABILITY PLAN, RHEEM MANUFACTURING COMPANY MEDICAL PLAN, RHEEM MANUFACTURING COMPANY, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | Civil Action No.: 07-CV-3210 (PKC)<br><br>**ANSWER AND SEPARATE DEFENSES**<br><br>**Document Electronically Filed** |

Defendants, Rheem Manufacturing Company ("Rheem") and Rheem Manufacturing Company Medical Plan ("Rheem Medical Plan"), hereinafter collectively referred to as the "Medical Plan Defendants," by way of Answer to the Complaint, state:

**AS TO JURISDICTION AND VENUE**

1.      Paragraph 1 of the Complaint contains multiple legal conclusions, therefore no response is required, and the Medical Plan Defendants leave Plaintiff to her proofs thereon.

2.      Paragraph 2 of the Complaint contains multiple legal conclusions, therefore no response is required, and the Medical Plan Defendants leave Plaintiff to her proofs thereon.

Except as so stated, the Medical Plan Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains multiple legal conclusions, therefore no response is required, and the Medical Plan Defendants leave Plaintiff to her proofs thereon.

4. The Medical Plan Defendants admit that Rheem is the Plan Administrator of the Rheem Medical Plan and the Rheem Manufacturing Company Long Term Disability Plan ("Rheem LTD Plan"). Paragraph 4 of the Complaint contains a legal conclusion, therefore no response is required, and the Medical Plan Defendants leave Plaintiff to her proofs thereon. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 4 of the Complaint.

## AS TO THE NATURE OF THE ACTION

5. The Medical Plan Defendants state that the Complaint speaks for itself, and accordingly refer to said document as to the nature of the claims in this lawsuit. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains multiple legal conclusions, therefore no response is required, and the Medical Plan Defendants leave Plaintiff to her proofs thereon. Additionally the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 6 of the Complaint to the extent they relate to the conduct of Defendant Rheem LTD Plan. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 6 of the Complaint.

7. To the extent that Paragraph 7 of the Complaint relates to the conduct of Defendants Rheem LTD Plan, and the Prudential Insurance Company of America ("Prudential"), The Medical Plan Defendants do not have sufficient information to either admit or deny the

allegations contained therein. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 7 of the Complaint.

8.  The Medical Plan Defendants deny the allegations in Paragraph 8 of the Complaint.

### AS TO THE STANDARD OF REVIEW

9. Paragraph 9 of the Complaint contains a legal conclusion, therefore no response is required, and The Medical Plan Defendants leave Plaintiff to her proofs thereon. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a legal conclusion, therefore no response is required, and the Medical Plan Defendants leave Plaintiff to her proofs thereon. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 10 of the Complaint.

### AS TO THE PARTIES

11. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12. The Medical Plan Defendants admit that Defendant Rheem was the named Plan Administrator of Defendant Rheem LTD Plan from 2001 to 2004. The Medical Plan Defendants also admit that Defendant Rheem's home office has been located at 1100 Abernathy Road, Suite 1400, Atlanta, Georgia 30328, since October 1, 2006, and that before then its home office was located at 405 Lexington Avenue, 22nd Floor, New York, New York, 10174. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 12 of the Complaint.

13. The Medical Plan Defendants admit that Defendant Rheem was the named Plan Administrator of Defendant Rheem Medical Plan from 2001 to 2004. The Medical Plan Defendants also admit that Defendant Rheem Medical Plan's home office has been located at

1100 Abernathy Road, Suite 1400, Atlanta, Georgia 30328, since October 1, 2006, and that before then its home office was located at 405 Lexington Avenue, 22nd Floor, New York, New York, 10174.  Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 13 of the Complaint.

   14. The Medical Plan Defendants admit that Plaintiff was hired by Rheem on or about January 23, 1995.  The Medical Plan Defendants admit that Defendant Rheem's home office has been located at 1100 Abernathy Road, Suite 1400, Atlanta, Georgia 30328, since October 1, 2006, and that before then its home office was located at 405 Lexington Avenue, 22nd Floor, New York, New York, 10174.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 14 of the Complaint, because Paragraph 14 does not identify the entity that it discusses.

   15. The Medical Plan Defendants admit that Defendant Prudential is the named Claims Administrator for the Rheem LTD Plan.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 15 of the Complaint.

<b><u>AS TO THE STATEMENT OF FACTS</u></b>

<u>As to Plaintiff's Occupation</u>:

   16. The Medical Plan Defendants admit that Plaintiff was hired by Rheem on or about January 23, 1995.  Except as so stated, the Medical Plan Defendants deny the balance of the allegations in Paragraph 16 of the Complaint.

   17. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 17 of the Complaint.

18. The Medical Plan Defendants admit that Plaintiff was employed by Defendant Rheem as a Legal Secretary. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 18 of the Complaint.

19. The Medical Plan Defendants deny the allegations in Paragraph 19 of the Complaint.

20. The Medical Plan Defendants admit that Plaintiff's salary as of March 1, 2001, was $1,866.54 semi-monthly. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 20 of the Complaint.

21. The Medical Plan Defendants admit that Plaintiff elected to participate in the Rheem LTD Plan when she was hired on or about January 23, 1995. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 21 of the Complaint.

As to the Terms of the LTD Plan:

22. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 22 of the Complaint.

23. The Medical Plan Defendants admit that Prudential was the insurer of the Plan, and the payor of any benefits due pursuant to the Plan. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 23 of the Complaint.

24. The documents referenced in Paragraph 24 of the Complaint speak for themselves, and the Medical Plan Defendants accordingly refer to those documents as to the contents thereof. To the extent that the allegations in Paragraph 24 may be construed to assert that Plaintiff was "disabled," they are denied. Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 24 of the Complaint.

25.   The documents referenced in Paragraph 25 of the Complaint speak for themselves, and the Medical Plan Defendants accordingly refer to those documents as to the contents thereof.  To the extent that the allegations in Paragraph 25 may be construed to assert that Plaintiff was "disabled," they are denied.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 25 of the Complaint.

26.   The documents referenced in Paragraph 26 of the Complaint speak for themselves, and the Medical Plan Defendants accordingly refer to those documents as to the contents thereof.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 26 of the Complaint.

27.   The documents referenced in Paragraph 27 of the Complaint speak for themselves, and the Medical Plan Defendants accordingly refer to those documents as to the contents thereof.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 27 of the Complaint.

28.   The documents referenced in Paragraph 28 of the Complaint speak for themselves, and the Medical Plan Defendants accordingly refer to those documents as to the contents thereof.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 28 of the Complaint.

29.   The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 29 of the Complaint.

30.   The Medical Plan Defendants deny the allegations in Paragraph 30 of the Complaint.

31. The Medical Plan Defendants deny the allegations in Paragraph 31 of the Complaint.

32. The Medical Plan Defendants deny the allegations in Paragraph 32 of the Complaint.

As to Plaintiff's Disability:

33. The Medical Plan Defendants deny the allegations in Paragraph 33 of the Complaint.

34. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 34 of the Complaint.

35. The Medical Plan Defendants deny the allegations in Paragraph 35 of the Complaint.

36. The Medical Plan Defendants deny the allegations in Paragraph 36 of the Complaint.

37. The Medical Plan Defendants deny the allegations in Paragraph 37 of the Complaint.

38. The Medical Plan Defendants deny the allegations in Paragraph 38 of the Complaint.

39. The Medical Plan Defendants deny the allegations in Paragraph 39 of the Complaint.

40. The Medical Plan Defendants deny the allegations in Paragraph 40 of the Complaint.

41. The Medical Plan Defendants deny the allegations in Paragraph 41 of the Complaint.

42. The Medical Plan Defendants deny the allegations in Paragraph 42 of the Complaint.

43. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 43 of the Complaint.

44. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 44 of the Complaint.

45. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 45 of the Complaint.

46. The Medical Plan Defendants state that the referenced letter from Defendant Rheem's Employee Benefits Coordinator of July 10, 2003, speaks for itself, and accordingly refer to said document as to the true contents thereof. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 46 of the Complaint.

47. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 47 of the Complaint.

### AS TO PLAINTIFF'S FIRST CAUSE OF ACTION FOR LONG-TERM DISABILITY BENEFITS

48. The Medical Plan Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. The Medical Plan Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. The Medical Plan Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 51 of the Complaint.

52. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 52 of the Complaint.

53. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 53 of the Complaint.

54. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 54 of the Complaint.

55. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 55 of the Complaint.

56. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 56 of the Complaint.

57. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 57 of the Complaint.

58. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 58 of the Complaint.

59. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 59 of the Complaint.

60. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 60 of the Complaint.

61. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 61 of the Complaint.

62. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 62 of the Complaint.

63. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 63 of the Complaint.

64. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 64 of the Complaint.

65. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 65 of the Complaint.

66. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 66 of the Complaint.

67. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 67 of the Complaint.

68. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 68 of the Complaint.

69. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 69 of the Complaint.

70. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 70 of the Complaint.

71. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 71 of the Complaint.

72. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 72 of the Complaint.

73. To the extent that Paragraph 73 of the Complaint contains a legal conclusion as to the definition of disability under the Social Security Act, no response is required and The Medical Plan Defendants therefore leave Plaintiff to her proofs thereon. Except as so stated, the

Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 73 of the Complaint.

      74.      The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 74 of the Complaint.

      75.      The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 75 of the Complaint.

      76.      The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 76 of the Complaint.

      77.      The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 77 of the Complaint.

      78.      The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 78 of the Complaint.

      79.      The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 79 of the Complaint.

      80.      To the extent that Paragraph 80 of the Complaint contains a legal conclusion as concerning the Employee Retirement Income Security Act ("ERISA"), no response is required and the Medical Plan Defendants therefore leave Plaintiff to her proofs thereon. Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 80 of the Complaint.

      81.      The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 81 of the Complaint.

      82.      To the extent that Paragraph 82 contains a legal conclusion as concerning ERISA, no response is required and the Medical Plan Defendants therefore leave Plaintiff to her proofs

thereon. Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 82 of the Complaint.

83. To the extent that Paragraph 83 contains a legal conclusion as concerning ERISA, no response is required and the Medical Plan Defendants therefore leave Plaintiff to her proofs thereon. Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 83 of the Complaint.

84. To the extent that Paragraph 84 contains a legal conclusion as concerning ERISA, no response is required and Defendant therefore leaves Plaintiff to her proofs thereon. Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 84 of the Complaint.

85. To the extent that Paragraph 85 contains a legal conclusion as concerning ERISA, no response is required and the Medical Plan Defendants therefore leave Plaintiff to her proofs thereon.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 85 of the Complaint.

86. To the extent that Paragraph 86 contains a legal conclusion as concerning ERISA, no response is required and the Medical Plan Defendants therefore leave Plaintiff to her proofs thereon.  Except as so stated, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains a legal conclusion as concerning ERISA, therefore no response is required and the Medical Plan Defendants leave Plaintiff to her proofs thereon.

88. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 88 of the Complaint.

89. The Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint contains a legal conclusion as concerning ERISA, therefore no response is required and the Medical Plan Defendants leave Plaintiff to her proofs thereon.

91. The Medical Plan Defendants deny the allegations in Paragraph 91 of the Complaint.

92. The Medical Plan Defendants deny the allegations in Paragraph 92 of the Complaint.

93. The Medical Plan Defendants deny the allegations in Paragraph 93 of the Complaint.

**AS TO PLAINTIFF'S SECOND CAUSE OF ACTION FOR MEDICAL BENEFITS**

94. The Medical Plan Defendants repeat and re-allege the responses in the Paragraphs 1-93 of the Answer as if set forth in full herein.

95. The "Medical Plan" referenced in Paragraph 95 of the Complaint speaks for itself, therefore no response is required, and the Medical Plan Defendants accordingly refer to said document as to the true contents thereof. Except as so stated, the Medical Plan Defendants deny the allegations in Paragraph 95 of the Complaint.

96. The Medical Plan Defendants deny the allegations contained in Paragraph 96 of the Complaint. Further, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 96 against Defendant the Rheem LTD Plan.

- 14 -

97. The Medical Plan Defendants deny the allegations contained in Paragraph 97 of the Complaint. Further, the Medical Plan Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 97 against Defendant the Rheem LTD Plan.

WHEREFORE Defendants, Rheem Manufacturing Company and Rheem Manufacturing Company Medical Plan, demand judgment dismissing Plaintiff's Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims, if any, are barred because Plaintiff is not entitled to relief under any governing agreement.

### THIRD SEPARATE DEFENSE

Plaintiff's claims, if any, are barred because the Medical Plan Defendants acted in good faith and without malice or intent to cause damage.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims, if any, are barred by the doctrines of estoppel, equitable estoppel, and the entire controversy doctrine.

### FIFTH SEPARATE DEFENSE

The Complaint is barred by Plaintiff's failure to exhaust the appropriate administrative remedies.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims, if any, are barred by the doctrines of unclean hands, laches, and/or waiver.

### SEVENTH SEPARATE DEFENSE

The Complaint, in whole or in part, is barred by the applicable statutes of limitation.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims, if any, are barred due to her failure to mitigate damages, if any.

### NINTH SEPARATE DEFENSE

Plaintiff's damages, if any, were caused by persons over whom The Medical Plan Defendants had no control.

### TENTH SEPARATE DEFENSE

Any losses suffered by Plaintiff were not consequences of, or in reliance upon, any acts or omissions of The Medical Plan Defendants, either directly or indirectly.

### ELEVENTH SEPARATE DEFENSE

Defendant breached no duty owed to Plaintiff under federal or state law.

### TWELFTH SEPARATE DEFENSE

Plaintiff is not entitled to compensatory damages.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive or exemplary damages under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by Workers' Compensation, Social Security, and/or State Disability Benefits.

### FIFTEENTH SEPARATE DEFENSE

Any allegations or prayers for relief set forth in the Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

### SIXTEENTH SEPARATE DEFENSE

Defendant reserves the right to amend and to assert any additional separate defenses based upon the discovery of additional facts ascertained through continuing and ongoing investigation and discovery.

WHEREFORE Defendants, Rheem Manufacturing Company and Rheem Manufacturing Company Medical Plan, demand judgment dismissing Plaintiff's Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

By:   */s/ Paul A. Friedman (PF 6559)*
PAUL A. FRIEDMAN
EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
Rheem Manufacturing Company and
Rheem Manufacturing Company Medical Plan
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Fax: (973) 642-0099
pfriedman@ebglaw.com

DATED:   June 21, 2007