# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**CUYLER BURK, P.C.**
445 Park Avenue, 9th Floor
New York, New York 10022
(212) 752-6252
Attorneys for Defendants
The Prudential Insurance Company of America,
and as to the First Cause of Action Only:
Rheem Manufacturing Company Long Term
Disability Plan, and Rheem Manufacturing Company
By: Stephen D. Cuyler (SDC 7705)

| | |
|---|---|
| GALINA WOODLAND<br><br>               Plaintiff,<br><br>v.<br><br>RHEEM MANUFACTURING COMPANY<br>LONG TERM DISABILITY PLAN, RHEEM<br>MANUFACTURING COMPANY MEDICAL<br>PLAN, RHEEM MANUFACTURING<br>COMPANY, AND THE PRUDENTIAL<br>INSURANCE COMPANY OF AMERICA,<br><br>               Defendant. | CIVIL ACTION NO. 07-CV-3210<br>(KPC)<br><br><br><br><br>**ANSWER TO COMPLAINT AND<br>SEPARATE DEFENSES** |

Defendant, The Prudential Insurance Company of America (hereinafter referenced as "Prudential"), having a principal place of business located at 751 Broad Street, Newark, in the State of New Jersey, by and through their attorneys, Cuyler Burk, P.C., hereby answers the Complaint of Galina Woodland ("Plaintiff") on behalf of itself as well as Defendants Rheem Manufacturing Company Long Term Disability Plan and Rheem Manufacturing Company, to the extent of its involvement with the long term disability plan (collectively, "Rheem"), (said defendants, including Prudential and Rheem, collectively referred to hereinafter as the "LTD Plan

Defendants") with regard to all Paragraphs of the Complaint except for those comprising the Second Cause of Action thereof, and on behalf of itself (Prudential) with regard to the Second Cause of Action of the Complaint, as follows:

## JURISDICTION AND VENUE

1.    Answering the allegations of Paragraph 1 of the Complaint, LTD Plan Defendants admit only that Plaintiff alleges an appropriate jurisdictional basis for her complaint.

2.    Answering the allegations of Paragraph 2 of the Complaint, LTD Plan Defendants deny that Plaintiff has exhausted all administrative avenues of appeal and has received a final denial.  Further, to the extent that the allegations of Paragraph 2 of the Complaint purport to allege that Prudential does not have discretion to deny Plaintiff's claim for benefits under the long term disability plan (the "Plan") at issue, the allegations are denied.  Answering the balance of the allegations of Paragraph 2, to the extent that the allegations purport to assert conclusions of law, no response is required thereto.

3.    Answering the allegations of Paragraph 3 of the Complaint, LTD Plan Defendants admit only that venue is proper in this District.   To the extent that the allegations of Paragraph 3 of the Complaint purport to assert that LTD Plan Defendants breached any contract or duty to Plaintiff, the allegations are denied. Answering the balance of the allegations of Paragraph 3, to the extent that the allegations purport to assert conclusions of law, no response is required thereto.

## NATURE OF ACTION

4.    Answering the allegations of Paragraph 4 of the Complaint, LTD Plan Defendants admit only that venue is proper in this District, that Rheem is the named Plan Administrator, and that Rheem once had an office at the asserted location.  To the extent that the allegations of

paragraph 4 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, the allegations are denied.

5.      Answering the allegations of Paragraph 5 of the Complaint, to the extent that the allegations purport to describe the nature of relief sought by Plaintiff, no response is required thereto.  To the extent that the allegations of Paragraph 5 of the Complaint purport to impute liability to the LTD Plan Defendants, the allegations are denied.

6.      Answering the allegations of Paragraph 6 of the Complaint, the LTD Plan Defendants admit only that Rheem provided the option of enrolling in the Plan to its employees. To the extent that the allegations contained in Paragraph 6 of the Complaint purport to assert conclusions of law, no response is required thereto.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in Paragraph 6 of the Complaint.

7.      Answering the allegations of Paragraph 7 of the Complaint, LTD Plan Defendants admit that Prudential is the Claims Administrator of the Plan, and the payor of benefits under the Plan.

8.      Answering the allegations of Paragraph 8 of the Complaint, to the extent that the allegations purport to describe the nature of relief sought by Plaintiff, no response is required thereto.   To the extent that the allegations of Paragraph 8 of the Complaint are directed at parties other than the LTD Plan Defendants, no response is required thereto.

<u>**STANDARD OF REVIEW**</u>

9.      LTD Plan Defendants deny the allegations contained in Paragraph 9 of the Complaint.  To the extent that the allegations contained in the second sentence of Paragraph 9 of the Complaint constitute conclusions of law, no response is required thereto.

10.     To the extent that the allegations contained in Paragraph 10 of the Complaint constitute conclusions of law, no response is required thereto.  LTD Plan Defendants deny any factual allegations incorporated in Paragraph 10 of the Complaint.

## THE PARTIES

11.     Answering the allegations of Paragraph 11 of the Complaint, LTD Plan Defendants admit only that records that Plaintiff submitted indicate that she was born in September of 1937 and was 69 years old upon filing of the Complaint.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in Paragraph 11 of the Complaint.

12.     Answering the allegations of Paragraph 12 of the Complaint, LTD Plan Defendants admit only that Rheem is the named Plan Administrator and the named agent for service of legal process, that Rheem once maintained an office at the New York address asserted, and currently maintains an office at the Georgia address asserted.  To the extent that the allegations of paragraph 12 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, the allegations are denied.  To the extent that the allegations contained in the second sentence of Paragraph 12 of the Complaint constitute conclusions of law, no response is required thereto.

13.     To the extent that the allegations of Paragraph 13 of the Complaint are directed at parties other than the LTD Plan Defendants, no response is required thereto.  To the extent that the allegations of paragraph 13 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, the allegations are denied.

14.     Answering the allegations of Paragraph 14 of the Complaint, LTD Plan Defendants admit only that Plaintiff was employed by Rheem at the time that she claimed

disability, that Rheem is the named Plan Administrator and the named agent for service of legal process, and that Rheem once maintained an office at the New York address asserted and currently maintains an office at the Georgia address asserted. To the extent that the allegations of paragraph 14 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, the allegations are denied.

15.    LTD Plan Defendants admit the allegations of paragraph 15 of the Complaint.

### STATEMENT OF FACTS

16.    Answering the allegations of Paragraph 16 of the Complaint, LTD Plan Defendants admit only that Plaintiff was a covered participant in the Plan, and was employed by Rheem through March 20, 2001. To the extent that the allegations of paragraph 16 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

17.    Answering the allegations of Paragraph 17 of the Complaint, LTD Plan Defendants admit only that Plaintiff submitted documentation indicating that she returned to work on October 23, 2001. To the extent that the allegations of paragraph 17 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, the allegations are denied. LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in Paragraph 17 of the Complaint.

18.    Answering the allegations of Paragraph 18 of the Complaint, LTD Plan Defendants admit that she was a Legal Secretary. LTD Plan Defendants deny the balance of the allegations of Paragraph 18 of the Complaint.

19.    LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint. `

20.    LTD Plan Defendants admit only that Plaintiff's salary as of March 1, 2001, was $1,866.54 semi-monthly.  LTD Plan Defendants deny the balance of the allegations of Paragraph 20 of the Complaint.

21.    LTD Plan Defendants admit only that Plaintiff elected to participate in the Plan when she was hired on or about January 23, 1995.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in Paragraph 21 of the Complaint.

22.    Answering the allegations of Paragraph 22 of the Complaint, LTD Plan Defendants admit only that Prudential issued a Group Insurance Contract (the "Policy") to Rheem, and that Prudential is the Claims Administrator under the Plan.  To the extent that the allegations of Paragraph 22 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.  To the extent that the allegations of Paragraph 22 of the Complaint are narrative, and purport to describe a basis for what will be alleged in subsequent paragraphs, no response is required thereto.

23.    Answering the allegations of Paragraph 23 of the Complaint, LTD Plan Defendants admit only that Prudential is the insurer of the Plan, and the payor of any benefits due pursuant to the Plan.  LTD Plan Defendants deny the allegations of the second sentence of Paragraph 23 of the Complaint to the extent that they impute liability to Prudential, and deny the balance of the allegations of Paragraph 23.

24.    To the extent that the allegations of Paragraph 24 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, the

allegations are denied.  To the extent that the allegations of Paragraph 24 of the Complaint are narrative or assert conclusions of law, no response is required thereto.  LTD Plan Defendants deny the balance of the allegations of Paragraph 24 of the Complaint to the extent that these allegations contradict the provisions of the Plan.

25.     To the extent that the allegations of Paragraph 25 of the Complaint purport to describe generally and non-exhaustively the calculation of benefits under the Plan, LTD Plan Defendants admit these allegations.  To the extent that the allegations of Paragraph 25 of the Complaint purport to contradict provisions of the Plan, and to the extent that they purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of Paragraph 25 of the Complaint.

26.     To the extent that the allegations of Paragraph 26 of the Complaint are narrative or purport to assert conclusions of law, no response is required thereto.  To the extent that the allegations of Paragraph 26 of the Complaint purport to contradict provisions of the Plan, they are denied.  To the extent that the allegations of paragraph 26 of the Complaint purport to impute liability to the LTD Plan Defendants and to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they denied.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of Paragraph 26 of the Complaint.

27.     To the extent that the allegations of Paragraph 27 of the Complaint purport to contradict provisions of the Plan, they are denied. LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of Paragraph 27 of the Complaint.

28.    To the extent that the allegations of Paragraph 28 of the Complaint purport to describe generally the "Elimination Period" requirement under the Plan, LTD Plan Defendants admit these allegations. To the extent that the allegations of Paragraph 28 of the Complaint purport to contradict provisions of the Plan, they are denied.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of Paragraph 28 of the Complaint.

29.    To the extent that the allegations of Paragraph 29 of the Complaint purport to assert that the Plaintiff received benefits under the Plan for a limited period commencing on or about the alleged date, LTD Plan Defendants admit these allegations.  To the extent that the allegations of paragraph 29 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

30.    LTD Plan Defendants deny the allegations of Paragraph 30 of the Complaint.

31.    To the extent that the allegations of Paragraph 31 of the Complaint are narrative or purport to assert conclusions of law, no response is required thereto.  To the extent that the allegations of Paragraph 32 of the Complaint purport to contradict provisions of the Plan, they are denied.  To the extent that the allegations of paragraph 31 of the Complaint purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of Paragraph 31 of the Complaint.

32.    To the extent that the allegations of Paragraph 32 of the Complaint are narrative or purport to assert conclusions of law, no response is required thereto.  To the extent that the allegations of Paragraph 26 of the Complaint purport to contradict provisions of the Plan, they are denied.  To the extent that the allegations of paragraph 32 of the Complaint purport to assert

that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations of Paragraph 32 of the Complaint.

33.    Answering the allegations of Paragraph 33 of the Complaint, LTD Plan Defendants admit only that Plaintiff stopped working on March 20, 2001, and that the medical documentation submitted to Prudential by Plaintiff suggests that Plaintiff has sought treatment for the maladies enumerated therein.  To the extent that the allegations of Paragraph 33 purport to assert that Plaintiff was "disabled," as defined by the Plan or purport to impute liability to the LTD Plan Defendants, at the times relevant to this action, they are denied.

34.    Answering the allegations of Paragraph 34 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that she underwent procedures for the maladies enumerated therein at various time. To the extent that the allegations of Paragraph 34 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

35.    Answering the allegations of Paragraph 35 of the Complaint, LTD Plan Defendants admit only that the content of the March 20, 2002 report speaks for itself.  To the extent that the allegations of Paragraph 35 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

36.    Answering the allegations of Paragraph 36 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that she has

undergone physical therapy for a period of time for the conditions enumerated therein. To the extent that the allegations of Paragraph 36 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

37.     To the extent that the allegations of Paragraph 37 of the Complaint are narrative, or constitute the personal opinions and conclusions of Plaintiff's counsel, no response is required thereto. To the extent that the allegations of Paragraph 37 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

38.     Answering the allegations of Paragraph 38 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that she was at one time diagnosed as suffering from transient ischemic attacks ("TIA"). To the extent that the allegations of Paragraph 38 of the Complaint are narrative, no response is required thereto. To the extent that the allegations of Paragraph 38 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

39.     Answering the allegations of Paragraph 39 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that Plaintiff complained of the events described in these allegations to her treating physicians. To the extent that the allegations of Paragraph 39 of the Complaint purport to assert Plaintiff's subjective state

of mind at a particular point in time, LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations. To the extent that the allegations of Paragraph 39 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, these allegations are denied.

40.     Answering the allegations of Paragraph 40 of the Complaint, LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations as Plaintiff identifies neither an office visit date nor the name of the neurologist to which she refers, making it impossible for LTD Plan Defendants to corroborate these allegations with the documentation in its possession. To the extent that the allegations of Paragraph 40 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

41.     Answering the allegations of Paragraph 41 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that Plaintiff was examined for the maladies enumerated therein. To the extent that the allegations of Paragraph 41 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

42.     Answering the allegations of Paragraph 42 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that Plaintiff complained of the events described in these allegations to her treating physician and that the content of the report speaks for itself. To the extent that these allegations may be construed to

assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

43. Answering the allegations of Paragraph 43 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff speak for themselves. To the extent that the allegations of Paragraph 43 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

44. Answering the allegations of Paragraph 44 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that Plaintiff was seen in the Emergency Room at Brookhaven Memorial Hospital on the date alleged, complained of the alleged symptoms, and was released on the same day with a clinical impression of TIA. To the extent that the allegations of Paragraph 44 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

45. Answering the allegations of Paragraph 45 of the Complaint, LTD Plan Defendants admit only that the records submitted to Prudential by Plaintiff reflect that Plaintiff was treated for the malady enumerated therein. To the extent that the allegations of Paragraph 45 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

46.     LTD Plan Defendants deny the allegations of the first sentence of Paragraph 46 of the Complaint.  LTD Plan Defendants admit the allegations of the second sentence of Paragraph 46 of the Complaint.  To the extent that the allegations of Paragraph 46 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

47.     Answering the allegations of Paragraph 47 of the Complaint, LTD Plan Defendants admit only that Plaintiff has in the past received medical treatment.  Further answering the allegations of Paragraph 47 of the Complaint, LTD Plan Defendants are without sufficient knowledge or information to form a belief as to whether Plaintiff continues to receive medical treatment at present.  To the extent that the allegations of Paragraph 47 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

### PLAINTIFF'S FIRST CAUSE OF ACTION FOR LONG-TERM DISABILITY BENEFITS

48.     Answering the allegations of Paragraph 48 of the Complaint, LTD Plan Defendants admit that Plaintiff continued to work through March 20, 2001.

49.     Answering the allegations of Paragraph 49 of the Complaint, LTD Plan Defendants admit only that Plaintiff ceased working on March 20, 2001, and has complained of the enumerated medical conditions.  To the extent that the allegations of Paragraph 49 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

50.     LTD Plan Defendants admit the allegations of Paragraph 50 of the Complaint.

51.     Answering the allegations of Paragraph 51 of the Complaint, LTD Plan Defendants admit only that Plaintiff applied for benefits under the Plan.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to balance of the allegations of Paragraph 51 of the Complaint.

52.     LTD Plan Defendants admit the allegations of Paragraph 52 of the Complaint.

53.     Answering the allegations of Paragraph 53 of the Complaint, LTD Plan Defendants admit only that Plaintiff sent a letter dated October 27, 2001 characterized as an appeal.  To the extent that the allegations of Paragraph 53 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.

54.     LTD Plan Defendants admit the allegations of Paragraph 54 of the Complaint.

55.     Answering the allegations of Paragraph 55 of the Complaint, LTD Plan Defendants admit only that Prudential terminated Plaintiff's LTD benefits effective October 29, 2001.  To the extent the allegations of Paragraph 55 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.

56.     LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint.

57.     Answering the allegations of Paragraph 57 of the Complaint, LTD Plan Defendants admit only that Prudential received a letter of request for appeal from Plaintiff's counsel, dated March 26, 2002.  To the extent that the allegations purport to assert that the March 26, 2002 letter was by its terms identified as Plaintiff's formal appeal, the allegations are denied.

58.     Answering the allegations of Paragraph 58 of the Complaint, LTD Plan Defendants admit only that Prudential received a letter dated June 5, 2003 which speaks for

itself.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint.

59.     Answering the allegations of Paragraph 59 of the Complaint, LTD Plan Defendants admit these allegations to the extent that they recount an assertion made by counsel in the letter dated June 5, 2003.  To the extent that the allegations of Paragraph 59 of the Complaint may be construed to assert substantively that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, and to the extent that these allegations purport to impute liability to the LTD Plan Defendants, they are denied.

60.     LTD Plan Defendants admit the allegations of Paragraph 60 of the Complaint.

61.     LTD Plan Defendants admit the allegations of Paragraph 61 of the Complaint insofar as they recite the contents of any correspondence.  To the extent that the allegations of Paragraph 61 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

62.     Answering the allegations of Paragraph 62 of the Complaint, LTD Plan Defendants admit only that Prudential received a letter from Plaintiff's counsel dated November 19, 2003.  Further answering the allegations of Paragraph 62 of the Complaint, LTD Plan Defendants deny that counsel's letter dated November 19, 2003, by its terms, constituted a formal appeal of Prudential's determination dated September 11, 2003.

63.     LTD Plan Defendants admit the allegations of Paragraph 63 of the Complaint, except that to the extent that the allegations of Paragraph 63 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to

assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

64.     To the extent that the allegations of Paragraph 64 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the balance of the allegations of Paragraph 64 of the Complaint.

65.     LTD Plan Defendants deny the allegations of Paragraph 65 of the Complaint.

66.     Answering the allegations of Paragraph 66 of the Complaint, LTD Plan Defendants admit only that Prudential received a letter dated March 25, 2004, which speaks for itself.  LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in Paragraph 66 of the Complaint.

67.     Answering the allegations of Paragraph 67 of the Complaint, LTD Plan Defendants admit that by letter dated March 29, 2004, Prudential advised Plaintiff's counsel that it would reconsider Plaintiff's "appeal review as a first reconsideration."  LTD Plan Defendants deny the balance of the allegations of Paragraph 67.

68.     LTD Plan Defendants admit the allegations of Paragraph 68 of the Complaint.

69.     Answering the allegations of Paragraph 69 of the Complaint, LTD Plan Defendants admit only that Prudential's clinical team assisted in its determination regarding Plaintiff's claim.  To the extent that the allegations of Paragraph 69 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

70.     Answering the allegations of paragraph 70, LTD Plan Defendants admit only that Plaintiff was not examined in person by a physician of Prudential's choice.  To the extent that the balance of the allegations of Paragraph 70 of the Complaint purport to impute liability to the LTD Plan Defendants, and to the extent that these allegations may be construed to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, they are denied.

71.     Answering the allegations of Paragraph 71 of the Complaint, LTD Plan Defendants admit only that Prudential's clinical team did not examine the Plaintiff, and that the members of the clinical team are employed by Prudential.  To the extent that the balance of the allegations of Paragraph 71 of the Complaint constitute assertions of fact, the allegations are denied.  To the extent that the balance of the allegations of Paragraph 71 of the Complaint constitute conclusions of law, or assertions of the personal opinion of Plaintiff's counsel regarding the relative merits of reviewing physicians versus treating physicians, no response is required thereto.  To the extent that the allegations of Paragraph 71 of the Complaint purport to impute liability to LTD Plan Defendants, the allegations are denied.

72.     LTD Plan Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint.

73.     To the extent that the allegations of Paragraph 73 are narrative, or purport to assert conclusions of law, no response is required thereto.  Further, to the extent that the allegations of paragraph 73 purport to assert the subjective opinion of Plaintiff's counsel, no response is required thereto.  To the extent that the allegations of Paragraph 73 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.

74.     To the extent that the allegations of Paragraph 74 are narrative, or purport to assert conclusions of law, no response is required thereto.  Further, to the extent that the allegations of paragraph 74 purport to assert the subjective opinion of Plaintiff's counsel, no response is required thereto.  To the extent that the allegations of Paragraph 74 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.

75.     To the extent that the allegations of Paragraph 75 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.  To the extent that the provisions of the Plan speak for themselves, no response to the allegations of Paragraph 75 of the Complaint is required.

76.     LTD Plan Defendants deny the allegations of Paragraph 76 of the Complaint.

77.     LTD Plan Defendants deny the allegations of Paragraph 77 of the Complaint to the extent that they constitute assertions of fact.  Further answering the allegations of Paragraph 77 of the Complaint, to the extent that these allegations purport to assert conclusions of law, no response is required thereto.

78.     LTD Plan Defendants deny the allegations of Paragraph 78 of the Complaint.

79.     LTD Plan Defendants deny the allegations of Paragraph 79 of the Complaint to the extent that they constitute assertions of fact.  Further answering the allegations of Paragraph 79 of the Complaint, to the extent that these allegations purport to assert conclusions of law, no response is required thereto.

80.     LTD Plan Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Answering the allegations of Paragraph 81 of the Complaint, LTD Plan Defendants admit only that Prudential is the insurer of the Plan, and the payor of benefits under the Plan.  LTD Plan Defendants deny the balance of the allegations of Paragraph 81 of the

Complaint. To the extent that the allegations of Paragraph 81 of the Complaint purport to impute liability to the LTD Plan Defendants, these allegations are denied. To the extent that the allegations of Paragraph 81 of the Complaint constitute conclusions of law, no response is required thereto.

82.     Answering the allegations of Paragraph 82 of the Complaint, LTD Plan Defendants admit only that Prudential is the Claims Administrator for the Plan. To the extent that the balance of the allegations of Paragraph 82 of the Complaint purport to assert conclusions of law, no response is required thereto. To the extent that the allegations of Paragraph 82 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.

83.     The allegations of Paragraph 83 of the Complaint constitute conclusions of law, and therefore no response is required thereto. To the extent that the allegations of Paragraph 83 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.

84.     To the extent that the allegations of Paragraph 84 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied. The allegations of Paragraph 84 of the Complaint constitute conclusions of law, and therefore no response is required thereto.

85.     LTD Plan Defendants deny the allegations of Paragraph 85 of the Complaint to the extent that these allegations constitute assertions of fact. To the extent that the allegations of Paragraph 85 of the Complaint purport to assert conclusions of law, no response is required thereto.

86.     The allegations of Paragraph 86 of the Complaint are denied.

87.     To the extent that the allegations of Paragraph 87 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied. The allegations of Paragraph 87 of the Complaint constitute conclusions of law, and therefore no response is required thereto.

88.     Answering the allegations of Paragraph 88 of the Complaint, LTD Plan Defendants admit only that it rendered the claim decisions at issue in the instant action, and that it is the payor of benefits under the Plan.  LTD Plan Defendants deny the balance of the allegations of Paragraph 88 of the Complaint.

89.     Answering the allegations of Paragraph 89 of the Complaint, LTD Plan Defendants admit only that Prudential rendered the claim decisions at issue in the instant action, and that Prudential is the payor of benefits under the Plan.  To the extent that the allegations of Paragraph 89 of the Complaint purport to impute liability to Prudential, they are denied.

90.     To the extent that the allegations of Paragraph 90 of the Complaint purport to impute liability to the LTD Plan Defendants, they are denied.   To the extent that the allegations of Paragraph 90 of the Complaint constitute conclusions of law, no response is required thereto.

91.     LTD Plan Defendants deny the allegations of Paragraph 91 of the Complaint.

92.     LTD Plan Defendants deny the allegations of Paragraph 92 of the Complaint.

93.     LTD Plan Defendants deny the allegations of Paragraph 93 of the Complaint.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### FOR MEDICAL BENEFITS

94.     Answering the allegations of Paragraph 94 of the Complaint, LTD Plan Defendants repeat their responses to the allegations of Paragraphs 1 through 93 of the Complaint as if fully set forth at length herein.

95.     To the extent that the allegations of Paragraph 95 of the Complaint are directed at parties other than the Prudential, no response is required thereto. To the extent that the allegations of Paragraph 95 of the Complaint purport to impute liability to Prudential, these allegations are denied.

96.     To the extent that the allegations of Paragraph 96 of the Complaint are directed at parties other than Prudential, no response is required thereto.  Further answering the allegations of Paragraph 96 of the Complaint, to the extent that these allegations purport to assert that Plaintiff's LTD benefits were wrongfully terminated, these allegations are denied.

97.     To the extent that the allegations of Paragraph 97 of the Complaint are directed at parties other than Prudential, no response is required thereto.  Prudential denies the allegations of Paragraph 97 of the Complaint to the extent that these allegations purport to assert that Plaintiff was "disabled," as defined by the Plan, at the times relevant to this action, and to the extent that that these allegations purport to assert that Plaintiff was entitled to any LTD benefits under the Plan in excess of those that she received.

**WHEREFORE,** The Prudential Insurance Company of America, Rheem Manufacturing Company, and the Rheem Manufacturing Company Long Term Disability Plan pray that judgment be entered dismissing with prejudice Plaintiff's Complaint against them in its entirety and awarding them attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint and each claim for relief alleged therein, fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

The Complaint may be time-barred, in whole or part, by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE

The Complaint may be barred insofar as Plaintiff failed to exhaust her administrative remedies under the Policy at issue.

### FOURTH SEPARATE DEFENSE

The Complaint may be barred, in whole or in part, by the equitable doctrines of laches, waiver and estoppel.

### FIFTH SEPARATE DEFENSE

The Complaint may be barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims may be barred or limited by the terms, conditions, definitions, and other provisions of the Policy in question and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 101 *et seq.*

### SEVENTH SEPARATE DEFENSE

Plaintiff may have breached the terms, conditions and provisions of the Policy in question, thereby barring Plaintiff from any recovery under the Policy.

### EIGHTH SEPARATE DEFENSE

To the extent the Plaintiff is seeking extra contractual or punitive damages, they are barred, in whole or in part, by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 101 *et seq.*

### NINTH SEPARATE DEFENSE

Under the Policy at issue, Prudential is vested with discretion in the administering of benefits for long term disability.  The decision to deny benefits was based upon the sound exercise of that discretion.

## TENTH SEPARATE DEFENSE

To the extent that the Plaintiff failed to mitigate, minimize, or avoid, any damages allegedly sustained, any recovery against Defendants must be reduced by the amount attributable to said failure.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims, if any, are barred because the LTD Plan Defendants acted in good faith and without malice or intent to cause damage.

**WHEREFORE,** The Prudential Insurance Company of America, Rheem Manufacturing Company, and the Rheem Manufacturing Company Long Term Disability Plan pray that judgment be entered dismissing with prejudice Plaintiff's Complaint against them in its entirety and awarding them attorneys' fees, costs of suit, interest, and such other and further relief as the Court deems just and proper.

**CUYLER BURK, P.C.**
Attorneys for Defendants,
The Prudential Insurance Company of America
And as to the First Cause of Action Only: Rheem
Manufacturing Company Long Term Disability
Plan, and Rheem Manufacturing Company

By:  *s/ Stephen D. Cuyler  (SDC 7705)*
       Stephen D. Cuyler (SDC 7705)

Dated: June 21, 2007