USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/07

EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Attorneys for Defendants
Rheem Manufacturing Company and
Rheem Manufacturing Company Medical Plan
Paul A. Friedman (PF 6559)

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GALINA WOODLAND<br><br>    Plaintiff,<br><br>-vs-<br><br>RHEEM MANUFACTURING COMPANY LONG TERM DISABILITY PLAN, RHEEM MANUFACTURING COMPANY MEDICAL PLAN, RHEEM MANUFACTURING COMPANY, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | Civil Action No.: 07-CV-3210 (PKC)<br><br>**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

  This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

  1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

  2. This case is not to be tried to a jury.

  3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within  30  days from the date of this Order.

  4. Initial disclosures pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than  30  days from the date of this Order.

  5. All <u>fact</u> discovery shall be completed no later than ~~November 28, 2007~~ *December 12, 2007*.

  6. The parties are to conduct discovery in accordance with the Federal Rules of Civil

Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by September ~~10~~ 24, 2007. The parties further agree that document requests shall be limited to 15.

*PKC*     b. Interrogatories to be served by September ~~10~~ 24, 2007. ~~The parties further agree that interrogatories shall be limited to 10.~~

    c. Requests to Admit to be served no later than ~~October 28,~~ November 12, 2007.

    d. Depositions, to the extent they are even necessary, to be completed by ~~November 28, 2007~~ December 12, 2007. The parties do not agree, at this time, that depositions are required in this matter. In the event any party decides, following the production of documents, that it is seeking depositions, the parties shall meet and confer. Absent an agreement by the parties on depositions, the parties shall seek a conference with the court.

7. a. All <u>expert</u> discovery, to the extent it is necessary, shall be completed no later than January ~~12~~ 31, 2008.

    b. No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer to agree upon whether expert discovery is necessary in this case and on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof). ~~At this time, the parties anticipate filing motions for summary judgment following the close of fact discovery.~~

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

To produce any information, including supporting documents, applicable to the computation of any benefits claimed.

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism

2

for this case: None at this time as the parties presently are attempting to discuss settlement. If the parties are unable to settle, they propose a settlement conference with a Magistrate Judge.

  c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): In early September, prior to the service of written discovery requests.

  d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

 11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

 12. Counsel for the parties have conferred and their present best estimate of the length of trial is: Three days.

---

**TO BE COMPLETED BY THE COURT:** *Refer to Magistrate Judge for settlement.*

 13. [Other directions to the parties]

 14. The (next Case Management) (~~Final Pretrial Conference~~) is scheduled for January 11, 2008 at 3:45 pm.

 This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and

3

shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

_____
Hon. P. Kevin Castel
United States District Judge

Dated: 7-27-07
New York, New York